the contract gave him in reference to the ventilation should be accorded him.

*Ira D. Warren,* for the appellant.

*Joseph H. Choate,* for the respondents.

Opinion by BRADY, J.; DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed, new trial ordered, cost to abide event.

---

# NEW YORK ELEVATED RAILROAD COMPANY, Appellant, *v.* DELAPLAINE McDANIEL, Respondent, Impleaded with THE PHILADELPHIA ARCHITECTURAL COMPANY.

*Costs — where on a trial before a referee the plaintiff recovers a judgment against one of the defendants only, the other defendant can only have costs awarded to him upon a motion to the court — Code of Civil Procedure, secs.* 1018, 3229.

APPEAL from a judgment in favor of the defendant McDaniel, and against the plaintiff, dismissing the complaint as to said McDaniel and for $261.48 costs. The judgment having been entered upon the report of a referee, and also from an order made at a Special Term awarding costs and an extra allowance to the defendant McDaniel.

The claim made was for the recovery of $1,706.88 over-paid under a contract made by the plaintiff with the Philadelphia Architectural Company for the material required for building certain stairways for passenger stations on the road of the plaintiff.

The court at General Term, after approving of the finding of the referee that the defendant McDaniel, to whom the Philadelphia Architectural Company had assigned the contract, was not bound to refund the payment made to his assignor, said : " After the determination of the action, the defendant McDaniel moved the court for costs in his favor, and upon the hearing of the parties an order to that effect was made, but the right to make it has been denied because of the omission of the referee by his report to adjudge costs in favor of this defendant. This, however, was not one of the subjects which, by section 1018 of the Code, appears to have been committed to the determination of the referee. The authority, on the contrary, was confided expressly to the discretion of the court

by section 3229 of the Code, and that has been considered the proper course of proceeding for this · purpose under provisions similar to those contained in the present Code. (*Bank of Attica* v. *Wolf*, 18 How., 102; *Lindslay* v. *Deafendorf*, 43 id., 90; *Williams* v. *Blumer*, 49 id., 12.)

"The allowance of cost to the defendant McDaniel was within the authority expressly given in this matter to the · court over a case of this description. But as there was nothing difficult or extraordinary in the action or the defense, the additional allowance of $175 was not authorized. To this extent the order requires to be corrected, and it should as to the allowance be reversed, and with that qualification the judgment should be affirmed and the residue of the order should be also affirmed, without costs."

*Deyo, Duer & Bauerdorf*, for the appellant.

*Charles W. Seymour*, for the respondent.

Opinion by Daniels, J.; Davis, P. J., and Brady, J., concurred.

Judgment modified as directed in opinion and affirmed as modified, without costs.

---

FREDERICK P. REED, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

*Action against the city of New York — the amount demanded in the complaint cannot be increased, by amendment, to exceed the claim presented to the Comptroller — 1873, chap. 335, sec. 105 — what claims fall within it — action by one injured by falling on a sidewalk covered with snow — what to be considered by the jury in determining the negligence of the city — the extent of the streets, and its ordinances relating to the cleaning thereof, are admissible in evidence.*

Appeal from a judgment in favor of the plaintiff, recovered on· the verdict of a jury, and from an order denying a motion for a new trial, made on the minutes of the justice before whom the action was tried, and also from an order increasing the amount of damages claimed by the complaint from five to ten thousand dollars.

The action was brought to recover damages for injuries sustained by the plaintiff from falling on a sidewalk in the city of New York, which was covered with snow.